## Harshman *v.* The Board of Commissioners of Greene County.

*Ditches — Living streams — Division into two separate channels — Remedy of landowner where commissioners are without jurisdiction.*

1. The authority of county commissioners does not comprehend the power to divide the waters of a living stream into two separate channels. When an alteration in the channel of a living stream is made under Section 6443, General Code, provision should be made for tributaries and laterals emptying into the new channel at a convenient point near the place or places where such tributaries or laterals empty into the original stream.

2. Where the board of county commissioners is without jurisdiction and the want of jurisdiction does not appear upon the face of the ditch proceedings, the remedy of the landowner affected is by way of an original action in equity for injunction.

(Decided November 5, 1917.)

Error: Court of Appeals for Greene county.

*Messrs. Hagan & Hagan; Mr. Charles S. Darlington* and *Mr. Marcus Shoup,* for plaintiff in error.

*Mr. W. L. Miller* and *Mr. H. D. Smith,* for defendant in error.

Ferneding, J.   Plaintiff, John F. Harshman, is the owner of certain farm lands in Beaver Creek township, Greene county, through which Beaver Creek, a living stream, flows in a southeastwardly direction.   Another living stream called Gray's Run also enters plaintiff's land, and flows into Beaver Creek near the northern end of plaintiff's land.

It appears that, in the year 1913, upon petition of certain landowners, the board of county commissioners of Greene county ordered the improvement of Beaver Creek by straightening, widening, deepening and changing the same through and for several miles above and below plaintiff's lands. The plaintiff was assessed a large amount for said improvement, which has been constructed upon the line of the original channel of Beaver Creek through plaintiff's lands, but the same has not been fully completed below plaintiff's farm. Subsequently, on November 11, 1916, upon petition of landowners above plaintiff's lands, the commissioners ordered the construction of an improvement by an alteration to be made in the channel of Beaver Creek. This contemplated a new channel, beginning a short distance above the outlet of Gray's Run in plaintiff's land, running thence roughly parallel to the old channel of Beaver Creek, and at no point more than 250 feet distant therefrom. The stream was to extend through plaintiff's lands, on the south side thereof, thence over the land of George M. Shank, and finally to rejoin said former channel at a point about one-half mile from the beginning of said new or altered channel. It also appears that the board of county commissioners in the construction of said improvement intend to fill up the old channel immediately above Gray's Run in plaintiff's land and thereby divert the upper waters of Beaver Creek into the new channel. This would leave the waters from Gray's Run to continue in the old channel through plaintiff's land. The result would be to perpetuate two separate and distinct channels in close proximity

to each other for more than 1,000 feet over plaintiff's land, and thus impose a substantially new burden upon him.

It is contended upon behalf of plaintiff that the county commissioners have no jurisdiction under the statute to provide for the proposed alteration of Beaver Creek by the establishment of said additional channel.

We have reached the conclusion, after a careful consideration of the statute and the decisions, that the authority of the county commissioners does not comprehend the power to divide the waters of a living stream like Beaver Creek into two separate channels.  When an alteration in the channel of a living stream is made, under Section 6443, General Code, provision should be made for tributaries and laterals emptying into the new channel at a convenient point near the place or places where such tributaries or laterals empty into the original stream.

We are of the opinion that the statute does not justify the carrying of the tributaries in a separate channel as contemplated in the present improvement.  The principle announced in the case of *Commissioners of Greene County* v. *Harbine*, 74 Ohio St., 318, justifies us in applying a strict construction of Section 6443, General Code, as applied to living streams.

The defendant county commissioners in their answer allege that the plaintiff in the original ditch proceedings appealed to the probate court upon the question of compensation and damages; also upon the question of the location of the proposed alteration and the practicability of the route; and that

the sum of $1625 was allowed the plaintiff for compensation and damages. The other questions were decided in favor of the commissioners. The commissioners further allege that no appeal or error was prosecuted from said judgment of the probate court, and that in consequence thereof the plaintiff has had his remedy and is estopped from the present proceedings.

We think this is the most serious question in the case. We have reached the conclusion that were the board of county commissioners without jurisdiction, and the want of jurisdiction not appearing upon the face of the ditch proceedings, the remedy of the landowner affected is by way of an original action in equity for injunction. We are therefore of the opinion that the plaintiff was entitled to an injunction against the construction of said alteration or new channel of Beaver Creek over and across his said lands.

*Decree accordingly.*

KUNKLE and ALLREAD, JJ., concur.